## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| **RILEY ISADORE BRANTLEY, JR.** | **CIVIL ACTION NO. 06-1692** |
| **VS.** | **SECTION P** |
| **WARDEN, BOSSIER SHERIFF'S CORRECTIONS FACILITY** | **JUDGE MINALDI** <br> **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on September 25, 2006 by *pro se* petitioner Riley Isadore Brantley, Jr. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Bossier Sheriff Corrections Facility, Plain Dealing, Louisiana, where he is serving consecutive sentences totaling sixteen years imposed following his 2001 convictions for aggravated assault on a police officer and possession of a firearm by a convicted felon in the Thirty-first Judicial District Court, Jefferson Davis Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

In January 2000 petitioner was arrested and charged with attempted first degree murder. [doc. 1-3, pp. 1-5]. On May 15, 2001 petitioner pled guilty to aggravated assault on a police officer and possession of a firearm by a convicted felon. This plea was pursuant to a plea

agreement, the terms of which were stated as follows,

> There was a previous bill [of information] with the charge of attempted first degree murder that was CR 968 . . . . Pursuant to the plea agreement, we will dismiss CR 968... and the defendant will tender a plea of guilty to the newly filed bill, which is 4542-01.
>
> And the sentence will be as follows . . . the defendant will be sentenced to serve eleven (11) years on the charge of possession . . . of firearms by a convicted felon. He will be sentenced to serve five (5) years on the charge of aggravated assault on a police officer. Those two (2) sentences to run consecutive to each other.
>
> There is a further stipulation in this matter that the defendant has offered to perform work for the Jennings Police Department. The criteria is being established between the attorney for the defendant and the attorney for the State. If the defendant is able to . . . meet fully the criteria to be outlined by counsel, at the time of sentencing, the sentence will be reduced and he will be sentenced to serve fourteen (14) years on the charge of possession of a firearm by a convicted felon, and he will be sentenced to serve five (5) years on the charge of aggravated assault on a police officer. Those two (2) sentences to run concurrent with each other. [doc. 1-3, pp. 13-14, plea transcript].

Petitioner acknowledged that he was aware of the terms of the agreement, that he understood those terms, and that he accepted them. [*id.*, pp. 15-16].

On November 12, 2001 petitioner appeared for sentencing. The terms of the plea agreement were again recited:

> He is to be sentenced to serve eleven (11) years on the possession of firearm by a convicted felon, and he is to be sentenced to serve five (5) years on the aggravated assault upon a police officer, that charge to run consecutive to the first charge. [doc. 1-3, p. 8, sentencing transcript].

Petitioner was again asked if he understood and accepted the sentence and plea, and he again assented. [*id.*, p. 8].

Petitioner did not appeal his conviction and sentence. [doc. 1-1, paragraph 6(a)].

On some unspecified date prior to June 6, 2002 petitioner filed a *pro se* Motion to Correct an Illegal Sentence in the Thirty-first Judicial District Court, alleging that the imposition of

consecutive sentences was illegal because the offenses were based on the same act or transaction and constituted parts of a common scheme or plan.[1] On June 6, 2002, the trial court denied the Motion noting that the imposition of consecutive sentences resulted from the plea agreement which was fully explained to the petitioner prior to the acceptance of his guilty plea. [doc. 1-3, pp. 46-49].

On some unspecified date[2] petitioner filed a *pro se* pleading in the Third Circuit Court of Appeals seeking review of the dismissal of his Motion. [doc. 1-3, pp. 41-45]. The Third Circuit apparently denied relief, and on some other unspecified date petitioner apparently sought review in the Louisiana Supreme Court.[3] On November 8, 2004, the Supreme Court denied writs. *State ex rel. Riley I. Brantley, Jr. v. State of Louisiana*, 2003-2720 (La. 11/8/2004), 885 So.2d 1125.

On August 5, 2005 petitioner filed a *pro se* "Motion for Concurrent Sentences" in the Thirty-first Judicial District Court alleging that the imposition of the maximum sentences to run consecutively resulted in the imposition of unconstitutionally excessive sentences. [doc. 1-3, pp. 29-36].

On September 12, 2005 petitioner filed a *pro se* Motion to Correct an Illegal Sentence in the District Court. This pleading alleged that the imposition of consecutive sentences was violative of La. C.Cr.P. art. 883 and thus illegal. [doc. 1-3, pp. 37-40].

On November 7, 2005 petitioner filed a *pro se* "Post-Conviction Application for Writ of

---

[1] Petitioner has not provided a copy of this Motion. However, the trial court's reasons for judgment specify the claims for relief.

[2] The pleading submitted by petitioner is undated.

[3] Petitioner has not provided a copy of the judgment of the Third Circuit Court of Appeals; nor has he provided a copy of the writ application filed in the Louisiana Supreme Court.

Habeas Corpus and Appointment of Counsel; Pursuant to Weeks v. Jones, 100 F.3d 124" in the District Court. [doc. 1-1, paragraph 7(b)(iii); doc. 1-3, pp. 25-28]. Therein petitioner alleged, *inter alia,* "That the delays in this case for filing a direct appeal has expired pursuant to La. C.Cr.P. Article 914, and the delays for filing Post-Conviction Relief has expired pursuant to La. C.Cr.P. Article 930.8 and thus petitioner is entitled to Post-Conviction Habeas Corpus Relief; pursuant to the grounds set forth in La. C.Cr.P. Article 362(3) and (4)." [doc. 1-3, p. 25]. In support of this application petitioner alleged that his guilty pleas were induced by attorney fraud in that he was misled by his attorney to believe that the State's case was overwhelmingly strong, when in fact it was not. [*id.*].

These pleadings were ultimately denied and dismissed as time barred by the Thirty-first Judicial District Court [doc. 1-1, paragraph 7(b)(vi); paragraph 7(c)(vi)]. Thereafter, they were dismissed as time-barred by the Third Circuit Court of Appeals on December 20, 2005 and April 13, 2006. [doc. 1-1, paragraph 7(b)(ix); paragraph 7(c)(ix)[4]].

On August 18, 2006, the Louisiana Supreme Court granted writs in the matter entitled *State of Louisiana ex rel. Riley Brantley, Jr. v. State of Louisiana*, 2006-0120 (La. 8/18/2006), 935 So.2d 132. The judgment grants writs "for the sole purpose of transferring the application to the district court for enforcement of its order granting relator's motion for production of documents in which it directed the district court to provide him with a free copy of the investigation report, police report, plea bargain agreement form, and affidavit for probable

---

[4] Petitioner inexplicably alleges that some pleading was denied by the Third Circuit on December 6, 2006. [doc. 1-1, paragraph 7(c)(ix)].

cause."[5]

On some unspecified date in 2006[6] petitioner filed a pro se "Motion to Withdraw Guilty Plea" raising the following claims for relief, (1) ineffective assistance of counsel because counsel was unprepared for trial; (2) ineffective assistance of counsel because trial counsel lied to the petitioner to induce his plea; (3) ineffective assistance of counsel because counsel negotiated an ambiguous plea agreement and then misrepresented the terms of the agreement to petitioner; (4) trial court erred in accepting the plea in light of petitioner's hesitation; and (5) trial court erred in accepting the plea agreement without first hearing the terms of the agreement. [doc. 1-3, pp. 5-56].

Petitioner's undated *habeas corpus* petition filed in this court was accompanied by an *in forma pauperis* application dated September 16, 2006. [doc. 2, p. 6]. It was certified by the jail's accounts officers on September 21, 2006 [doc. 2, p. 7]. Petitioner's pleadings and exhibits were received and filed on September 25, 2006. In this pleading petitioner argues the following claims for relief:

1. Petitioner's attorney led petitioner to believe that the state's case was overwhelmingly strong when in fact it was not. The crime lab reports showed no gun powder residue was found on the petitioner's clothing and hands [doc. 1-1, p. 2]; there was no witness to the offenses other than Officer Myers [*id.*]; and no weapon, no empty shell casings, and no bullet holes were found near the crime scene and there were no injuries or property damage reported [*id.*, p. 3];

2. The police report was false [*id.*];

---

[5] Those documents were apparently provided to the petitioner because they have been attached to his federal habeas corpus petition as exhibits. [see doc. 1-3, pp. 1-5]

[6] Petitioner's pleading is undated, however, the order associated with the pleading provides for orders to be dated sometime in 2006. [doc. 1-3, p. 56]

3.     The plea colloquy demonstrates that petitioner was uncertain about entering a plea because he was not guilty [*id.*, p. 4];

4.     The trial counsel advised petitioner that his sentences would be concurrent [*id.*];

5.     The trial counsel advised petitioner to plead guilty since alternative was 40 years to life [*id.*, p. 5];

6.     The plea agreement should have been voided because of petitioner's hesitation during the plea [*id.*];

7.     The trial judge failed to state for the record why the sentences were ordered consecutive and not concurrent [*id.*];

8.     The trial attorney was not prepared for trial [*id.*, p. 6];

9.     The plea was not "upheld" by the Jennings Police Department (petitioner cooperated but did not receive the benefit of his cooperation) [*id.*];

10.     The attorney lied to induce plea [*id.*]; and

11.     Petitioner's confession was the product of a life threatening interrogation [*id.*].

***Law and Analysis***

***1. Time Bar***

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that

the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[7] The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was sentenced on November 12, 2001, and he did not appeal his conviction and sentence.[8] For AEDPA purposes, petitioner's judgment of conviction and sentence "became final

---

[7] Petitioner does not argue, nor do his pleadings suggest that the provisions of §2244(d)(1)(B) and (C) should be utilized to reckon the period of limitations. There appear to have been no state created impediments to filing, and, petitioner's present claims are not based on constitutional rights newly recognized by the Supreme Court.

With regard to the statutory tolling provisions of §2244(d)(1)(D), petitioner suggests that his trial attorney failed to apprise him of the "facts" upon which his present claims are based; he also claim that these "new facts" were "found" through petitioner's own research. [doc. 1-1, paragraph 8] However, in order to qualify for statutory tolling pursuant to 28 U.S.C. §2244(d)(1)(D), petitioner must establish not the date he discovered the new facts, but rather "the date on which the factual predicate of the ... claims presented <u>could have been discovered through the exercise of due diligence</u>." Thus, §2244(d)(1)(D) does not commence the statute of limitations merely upon <u>actual</u> knowledge of the factual basis for claims raised in a federal petition for writ of *habeas corpus*. Congress specifically included a due diligence provision so as to require state inmates to discover the factual predicate of their claims without undue delay. "The phrase 'due diligence' is not defined anywhere in the AEDPA, but should be considered in light of the 'totality of the circumstances' present including a petitioner's confinement in prison and any special restrictions that incarceration may impose." *Frazier v. Rogerson*, 248 F.Supp.2d 825, 833 (N.D.Iowa 2003). The federal petitioner should have the burden "to persuade the court that he has exercised due diligence." *Id.* To carry that burden, the petitioner should "show some kind of measure of prudence, activities or assiduity as may be properly expected from and ordinarily exercised by a reasonable and prudent person under the particular circumstances present." *Id.*

[8] Indeed, petitioner could not have appealed either his conviction or sentence. Under Louisiana law, and subject to certain exceptions, a guilty plea normally results in the waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See *State v. Crosby*, 338 So.2d 584 (La.1976). See also La. C.Cr.P. art. 881.2(A)(2) which provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." As shown

by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], five days following the imposition of sentence[9] or, on or about November 20, 2001.

Under 28 U.S.C. § 2244(d)(1) he had one year, or until November 20, 2002 to file his federal *habeas corpus* petition.

Petitioner filed a post-conviction or other collateral attack in the state courts when he filed his *pro se* Motion to Correct an Illegal Sentence on some unspecified date prior to June 6, 2002. That collateral attack remained pending in Louisiana's courts until November 8, 2004 when the Louisiana Supreme Court denied petitioner's writ application. *State of Louisiana ex rel. Brantley v. State of Louisiana*, 2003-2720 (La. 11/8/2004), 885 So.2d 1125. Giving petitioner the benefit of the doubt, and for the purposes of this Report only, it will be assumed that petitioner filed this Motion on November 20, 2001 and therefore, he was able to successfully toll the limitations period until November 8, 2004 when the Louisiana Supreme Court denied writs.

Thereafter, however, the pleadings and exhibits establish that no other collateral attack

---

above, petitioner pled guilty pursuant to a plea agreement which provided for the imposition of consecutive sentences totaling 16 years.

[9] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on Monday, November 12, 2001. The five day delay for filing an appeal commenced on Tuesday, November 13. Saturday November 17 and Sunday, November 18 were legal holidays. The five day period for taking an appeal ended on Monday, November 19, 2001. Therefore, petitioner's judgment of conviction and sentence became final, at the latest, on that date.

was filed in the State courts until August 5, 2005 when petitioner filed his *pro se* Motion for Concurrent Sentences. [doc. 1-3, pp. 29-36]. However, by the time he filed this second collateral attack, approximately 269 days of the 365 day limitations period had elapsed.

Further, according to petitioner, these 2005 pleadings (the August 5, 2005 Motion for Concurrent Sentences; the September 12, 2005 Motion to Correct an Illegal Sentence; and the November 7, 2005 Post-Conviction Application) were ultimately dismissed as untimely by the Louisiana courts. A federal *habeas corpus* petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) if by the time he filed the application, it was time-barred under State law. This is so because an untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period. See *Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.) In other words, since petitioner's 2005 collateral attacks were untimely, their filing could not toll the running of the limitations period. Therefore, even if petitioner is given the benefit of every doubt, his federal petition is time-barred and dismissal on that basis is recommended.

## 2. Exhaustion of State Court Remedies

Even if the petition was timely, it must be dismissed because petitioner, by his own admission, did not exhaust available state court remedies. [doc. 1-1, paragraph 8] 28 U.S.C. §2254 states, in pertinent part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted unless it appears that</u>

>   (A) <u>the applicant has exhausted the remedies available in the courts of the State</u>; or
>   (B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>   \*   \*   \*
>
>   (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254.

This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). This exhaustion doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court and in a procedurally correct manner. *Skelton v. Whitley*, 950 F.2d 1037, 1041

(5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals only two Louisiana Supreme Court writ judgments involving the petitioner. The first writ judgment is dated November 8, 2004 [see *State of Louisiana ex rel. Riley I. Brantley, Jr. v. State of Louisiana*, 2003-2720 (La. 11/8/2004), 885 So.2d 1125] and is related to the denial of petitioner's pro se Motion to Correct an Illegal Sentence which was dismissed by the district court on June 6, 2002. In that Motion, petitioner raised a single claim – petitioner claimed that the imposition of consecutive sentences violated the provisions of La. C.Cr.P. art. 883 and was otherwise excessive. [see doc. 1-3, pp. 46-49; 41-45]. While these claims were presumptively exhausted, these claims were not raised in the instant petition for writ of *habeas corpus*, and none of the present claims for relief were argued in petitioner's state court motions.

Further, petitioner was a party to only one other writ application in the Louisiana Supreme Court. That matter was resolved in petitioner's favor on August 18, 2006 in the matter entitled *State of Louisiana ex rel. Riley Brantley, Jr. v. State of Louisiana*, 2006-0120 (La. 8/18/2006), 935 So.2d 132. That judgment granted writs with respect to a request for documents filed by the petitioner in the district court. Clearly, none of the claims raised in the instant federal *habeas corpus* petition could have been raised in the context of a request for records.

In short, petitioner litigated two, and only two, writ applications in the Louisiana Supreme Court. He did not raise any of the claims he raises now in either of those suits. Therefore,

petitioner did not exhaust state court remedies prior to filing his federal petition for writ of *habeas corpus.*

### 3. *"Technically Exhausted" and Procedurally Defaulted Claims*

While claims are un-exhausted, they could be said to be "technically exhausted" since petitioner cannot now litigate those claims in the Louisiana courts and thus state court remedies are no longer available.[10] *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570-71 n. 28, 71 L.Ed.2d 783 (1982); 28 U.S.C. §2254(c). However, these "technically exhausted" claims must now be considered "procedurally defaulted."

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule[11], federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

It is clear that petitioner failed to exhaust any of his federal claims. It is also reasonable to

---

[10] As shown above, petitioner's conviction became final under Louisiana law in November 2001 when the delays for seeking an appeal provided by La. C.Cr.P. art. 914 expired. Louisiana law provides a two-year limitations period for filing applications for post-conviction relief and this two year period is normally reckoned from the date of finality of judgment. See La. C.Cr.P. art. 930.8.

[11] The timeliness provisions of La. C.Cr.P. art. 930.8 have long been recognized as adequate and independent grounds for procedural default. See *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997).

conclude that petitioner is now unable to pursue these claims in the courts of Louisiana because any attempt to raise these claims in an Application for Post-Conviction Relief would be now by considered untimely. Therefore, these claims have been, for all practical purposes, procedurally defaulted. See *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir.1993), (cited with approval in *Sones v. Hargett*, 61 F3d 410, 416 (5th Cir. 1995)), ("[I]f it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping- pong' and hold the claim procedurally barred from *habeas* review").

### *4. Cause and Prejudice or Actual Innocence*

The procedural default bar may be overcome by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Coleman*, 501 U.S. at 750 (*quoting, Wainwright v. Sykes,* 433 U.S. 74, 84, 97 S.Ct 2497, 2505, 53 L.Ed. 2d 594 (1972)).

In order for a *habeas* petitioner to avoid a procedural bar by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 478. *Corwin v. Johnson* 150 F.3d 467, 473 (5th Cir. 1998); *Glover v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). In order to show that a failure to consider the claim will result in a "fundamental miscarriage of justice" the *habeas* petitioner must show, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d

106, 108 (5th Cir.1995). To establish such actual innocence, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Other than his self-serving and conclusory statements, petitioner offers no such evidence of actual innocence.

In order for a *habeas* petitioner to avoid a procedural bar by showing cause and prejudice, the petitioner must show that "some objective factor external to the defense" prevented the petitioner from properly raising the claim in state court. *McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(quoting, *Murray*, 477 U.S. at 488); see also *Coleman*, 501 U.S. at 753 ("[T]he existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [compliance] with the State's procedural rule.") "Examples of external impediments include active government interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir.1997). Petitioner makes no such allegations.

In any event, "[i]n addition to cause, [a procedurally defaulted *habeas* petitioner] must show <u>actual prejudice</u> to overcome the procedural bar." *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir.1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, <u>but for</u> the error, he might not have been convicted." *Id.* (emphasis supplied); See also *Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir. 2003). Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different. *Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir.2000). Even if

petitioner were to establish cause for his default, it appears unlikely that he could establish prejudice since he has provided no reason to suspect that the Louisiana courts would rule favorably on his defaulted claims.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that the instant petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as time-barred and as procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, November 1, 2006

.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE